# No. 2017-1891

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

LIPPERT COMPONENTS MANUFACTURING, INC.
Plaintiff-Appellee

v.

RYAN M. FOUNTAIN,
Sanctioned Party-Appellant

v.

MOR/RYDE INTERNATIONAL INC. and MOR/RYDE INC.,
Defendants-Appellees

Appeal from the United States District Court for the Northern District of Indiana in
Case No. 3:14-cv-01999, Judge Jon E. DeGuilio

## CORRECTED BRIEF OF APPELLEE LIPPERT COMPONENTS MANUFACTURING, INC.

Jonathan P. Froemel
Elizabeth A. Peters
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone: (312) 214-8315
Facsimile: (312) 759-5646
jonathan.froemel@btlaw.com
elizabeth.peters@btlaw.com
*Counsel for Plaintiff-Appellee*

i

FORM 9. Certificate of Interest   Form 9
Rev. 03/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Lippert Components Mfg., Inc.   v.   MOR/ryde International Inc. et al

Case No. 17-1891

## CERTIFICATE OF INTEREST

Counsel for the:
☐ (petitioner) ☐ (appellant) ☐ (respondent) ☒ (appellee) ☐ (amicus) ☐ (name of party)

Jonathan P. Froemel

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10 % or more of stock in the party |
|---|---|---|
| Lippert Components Mfg., Inc. | None | Lippert Components Inc. |
| | | Drew Industries Incorporated |
| | | |
| | | |
| | | |
| | | |

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (**and who have not or will not enter an appearance in this case**) are:

Barnes & Thornburg - Mark Hagedorn, Alice Springer, Joseph Fullencamp

07/28/2017   /s/ Jonathan P. Froemel
Date   Signature of counsel

Please Note: All questions must be answered   Jonathan P. Froemel
   Printed name of counsel

cc: _____

Reset Fields

# TABLE OF CONTENTS

Page

STATEMENT OF RELATED CASES ………………………………………….iii

JURISDICTIONAL STATEMENT ...................................................................1

SUMMARY OF THE ARGUMENT ..................................................................1

ARGUMENT .......................................................................................................1
I.  THE DISTRICT COURT'S ORDER IS NOT CURRENTLY REVIEWABLE. ..........................................................................................1

    A.    No basis for appeal exists under 28 U.S.C. § 1295(A)(1) because the appeal does not challenge a final order. ....................................1
    B.    No basis for appeal exists under 28 U.S.C. § 1292. .......................3

II. APPELLANT'S APPEAL IS FRIVOLOUS AND APPELLANT IS SUBJECT TO SANCTIONS UNDER FEDERAL RULE 38 OF APPELLATE PROCEDURE. .....................................................................................5

III. CONCLUSION ........................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cobbledick v. United States*,
   309 U.S. 323 (1940) ................................................................................2, 4

*Cunningham v. Hamilton Cty., Ohio*,
   527 U.S. 198 (1999) ...................................................................................2

*Lippert Components Mfg. v. MOR/ryde Int'l, Inc.*,
   No. 2016-2151 (Fed. Cir. July 28, 2016) ..................................................4, 5

*Sanders Assocs., Inc. v. Summagraphics Corp.*,
   2 F.3d 394 (Fed. Cir. 1993) .........................................................................2

**Statutes**

28 U.S.C. § 1291 ................................................................................................2, 4

28 U.S.C. § 1292 ................................................................................................1, 3

28 U.S.C. § 1292 and 1295 ..................................................................................4

28 U.S.C. § 1292(a) ..............................................................................................3

28 U.S.C. § 1292(b) ..........................................................................................3, 4

28 U.S.C. § 1292(c) ..........................................................................................3, 4

28 U.S.C. § 1292(c)(2) .........................................................................................4

28 U.S.C. § 1295 ...................................................................................................1

28 U.S.C. § 1295(A)(1) ........................................................................................1

**Other Authorities**

Fed. R. App. P. 38 .................................................................................................5

Fed. R. Civ. P. 37 ..................................................................................................3

# STATEMENT OF RELATED CASES

This Court previously dismissed an appeal in this civil action. Pursuant to Federal Circuit Rule 47.5(a), the previous appeal's details are as follows:

1. <u>Title and number</u>: *Lippert Components Manufacturing, Inc. v. MOR/ryde International, Inc.; MOR.ryde Inc. v. Fountain,* Case No. 2016-2151.

2. <u>Date of Decision</u>: July 28, 2016.

3. <u>Composition of the panel</u>: Circuit Judges Reyna, Bryson and Chen.

4. <u>Federal Reporter citation</u>: None.

The district court proceeding in this case, No. 3:14-cv-1999 pending before the District Court for the Northern District of Indiana, is the only known case that will be directly affected by this Court's decision in the pending appeal. There are no other known cases pending in this or any other court which will directly affect this Court's decision on the pending appeal.

## JURISDICTIONAL STATEMENT

Lippert objects to Mr. Fountain's jurisdictional statement. As discussed in detail below, and as the Federal Circuit previously held in Case No. 2016-2151, no final judgment has been entered, and this Court therefore does not have jurisdiction.

## SUMMARY OF THE ARGUMENT

There is no jurisdictional basis for Mr. Fountain to appeal a non-final interlocutory order that, in relevant part, sanctioned Mr. Fountain for objectively unreasonable conduct.

## ARGUMENT

### I. THE DISTRICT COURT'S ORDER IS NOT CURRENTLY REVIEWABLE.

The District Court's February 23, 2017 Order ("District Court's Order") DE145, Appendix 1-9 is not currently reviewable and the notice of appeal does not have a proper basis in law. No basis for appeal exists under 28 U.S.C. § 1295 or § 1292.

#### A. No basis for appeal exists under 28 U.S.C. § 1295(A)(1) because the appeal does not challenge a final order.

The District Court's Order is not immediately reviewable under 28 U.S.C. § 1295 because it is not a final order.

By statute, the primary grant of jurisdiction to the Federal Circuit confers

power to review "an appeal from a final decision of a district court… in any civil action arising under… any Act of Congress relating to patents or plant variety protection." 28 U.S.C. § 1295(a)(1); *see also Cobbledick v. United States*, 309 U.S. 323, 324-25 (1940) ("Finality as a condition of review . . . has been departed from only when observance of it would practically defeat the right to any review at all."). This Court has held that a sanction against an attorney is not reviewable until final judgment is entered on the underlying action. *Sanders Assocs., Inc. v. Summagraphics Corp.*, 2 F.3d 394, 398 (Fed. Cir. 1993); *see also Cunningham v. Hamilton Cty., Ohio,* 527 U.S. 198, 200, 210 (1999) (including that "an order imposing sanctions on an attorney pursuant to Federal Rule of Civil Procedure 37(a)(4)" is not a final decision).

In some cases, an order that is not a final order may be immediately reviewable under a finality doctrine called the collateral order doctrine. This is not such a case. To be immediately reviewable under the collateral order doctrine, an appeal is allowed if and only if:

1) the matter involved is separate from and collateral to the merits;
2) the matter is too important to be denied effective review;
3) review later by appeal from a final judgment is not likely to be effective; and
4) the matter presents a serious and unsettled question.

*See, e.g., Cunningham*, 527 U.S. at 210 (holding that an order imposing sanctions on an attorney is not a final decision under the collateral order doctrine and, thus, is not immediately appealable: "we conclude that a sanctions order imposed on an

attorney is not a 'final decision' under § 1291 and, therefore, affirm the judgment of the Court of Appeals").

This attempted appeal does not meet the requirements of the collateral order doctrine and the District Court's Order for sanctions is not reviewable on that basis. For example, this is not a matter that is too important to be denied review, review later by appeal from a final judgment is likely to be effective, and the matter does not present a serious and unsettled question. This appeal is improper and should be dismissed.

**B.     No basis for appeal exists under 28 U.S.C. § 1292.**

The District Court's Order is also not reviewable as either an entitled interlocutory appeal pursuant to 28 U.S.C. § 1292(a), as a permissive interlocutory appeal pursuant to 28 U.S.C. § 1292(b), or as a final patent infringement interlocutory appeal pursuant to 28 U.S.C. § 1292(c).

The District Court's Order is not reviewable as an entitled interlocutory appeal (sometimes called an appeal "as of right"). Section 1292(a) provides for interlocutory appeals as of right in only three narrow circumstances: (1) injunctions, (2) receivers, and (3) admiralty matters. 28 U.S.C. § 1292(a). None of these narrow circumstances apply to a sanctions order pursuant to Fed. R. Civ. P. 37. Mr. Fountain's argument that he has somehow been enjoined from filing in the District Court is without merit, as he has the ability to ask for leave of court to file

documents.

The District Court's Order is also not reviewable as a permissive interlocutory appeal under § 1292(b) because, among many other reasons, the district court has not certified this issue for appeal. *See* 28 U.S.C. § 1292(b) ("When a district judge . . . shall be of the opinion . . . that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."). Moreover, this appeal contains no "controlling question of law" and there is no "substantial ground for difference of opinion." *Id.*

The District Court's Order is also not reviewable as a final patent infringement interlocutory appeal pursuant to 28 U.S.C. § 1292(c). Section 1292(c) provides jurisdiction for interlocutory appeals of final judgments in patent cases regardless of whether an accounting has occurred for the underlying case. 28 U.S.C. § 1292(c)(2). As described previously, the District Court's Order is not a "final" order. 28 U.S.C. § 1295; *see also Cobbledick*, 309 U.S. at 324-25. Further, the District Court's Order does not determine the issue of patent infringement. In addition, this Court previously determined that a similar appeal by Mr. Fountain was not a final patent infringement interlocutory appeal. *Lippert Components Mfg. v. MOR/ryde Int'l, Inc.,* No. 2016-2151 (Fed. Cir. July 28, 2016).

II. **APPELLANT'S APPEAL IS FRIVOLOUS AND APPELLANT IS SUBJECT TO SANCTIONS UNDER FEDERAL RULE 38 OF APPELLATE PROCEDURE.**

The District Court's Order has no basis for immediate appellate review under 28 U.S.C. § 1292 and 1295. It is not a final order, an entitled interlocutory appeal, a permissive interlocutory appeal, or a final patent judgment interlocutory appeal. Appellant had no basis in law or fact for this appeal. Thus, this appeal is frivolous. This Court previously dismissed a similar appeal by Mr. Fountain related to the same underlying litigation in Federal Circuit Case No. 2016-2151. *See Lippert Components Mfg.,* No. 2016-2151. Yet Mr. Fountain still filed the instant appeal.

Pursuant to Rule 38, Plaintiff-Appellee requests an award of just damages and double costs based on being forced to respond to this frivolous appeal. Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.").

III. **CONCLUSION**

The Appeal should be dismissed for lack of jurisdiction because no jurisdictional basis currently exists to appeal the District Court's Order. The Court should also determine that this appeal is frivolous and award damages and double costs to Appellee based on the Appellant's pattern of unreasonable behavior.

|  |  |
|---|---|
|  | **BARNES & THORNBURG LLP** |
| Dated: July 28, 2017 | /s Jonathan P. Froemel |
|  | Jonathan P. Froemel |
|  | Elizabeth A. Peters |
|  | BARNES & THORNBURG LLP |
|  | One N. Wacker Drive, Suite 4400 |
|  | Chicago, Illinois 60606 |
|  | Telephone: (312) 214-8315 |
|  | Facsimile: (312) 759-5646 |
|  | jonathan.froemel@btlaw.com |
|  | elizabeth.peters@btlaw.com |
|  | *Counsel for Plaintiff-Appellee,* |
|  | *Lippert Components Manufacturing, Inc.* |

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 28 day of July, 2017, I caused this Corrected Brief of Appellee Lippert Components Manufacturing, Inc. to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Ryan Fountain
> Joseph Saltiel

Upon acceptance by the Clerk of the Court of the electronically filed document, the required number of copies of the Corrected Brief will be hand filed at the Office of the Clerk, United States Court of Appeals for the Federal Circuit in accordance with the Federal Circuit Rules.

> s/ Jonathan P. Froemel
> Counsel for Plaintiff-Appellee

## *CERTIFICATE OF COMPLIANCE*

Pursuant to Federal Rule Appellate Procedure 32(a), I certify the following:

This brief complies with the type-volume limitations because it contains 1,136 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman 14-point font.

*/s/Jonathan P. Froemel*
Jonathan P. Froemel
*Counsel for Plaintiff-Appellee*
